# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MARGARITA M. BATTLES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 3:16-cv-05662 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing her duty to develop the record. Although plaintiff testified that she was

involuntarily committed and received inpatient mental health treatment from May until August, 2014, the ALJ appears to have assumed that plaintiff only received inpatient mental health treatment for up to 14 days. *See* AR. 21. Furthermore, the ALJ did not develop the record by obtaining plaintiff's treatment records from this involuntary inpatient mental health treatment. As plaintiff was not represented by counsel at her Administrative hearing, the ALJ had a special duty "to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). This, the ALJ did not do.

Therefore, the Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, MARGARITA M. BATTLES, was born in 1960 and was 52 years old on the alleged date of disability onset of May 1, 2012. *See* AR. 231-32, 247-52. Plaintiff has a GED. AR. 84. Plaintiff has some work history as a debt collector, accounting clerk, loan processor, administrative clerk and childcare attendant. AR. 73-75, 81-82, 265-75.

According to the ALJ, plaintiff has at least the severe impairments of "presumed osteoarthritis, depressive disorder not otherwise specified (NOS), anxiety disorder NOS, and marijuana abuse (20 CFR 404.1520(c) and 416.920(c))." AR. 16.

At the time of the hearing, plaintiff was living with her boyfriend at his brother's home. AR. 67.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 117, 118.

Plaintiff's requested hearing was held before Administrative Law Judge Ruperta Alexis ("the ALJ") on August 21, 2014. *See* AR. 54-95. On January 5, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 7-30. (There was a prior unappealed ALJ decision in 2012 finding plaintiff not disabled. *See* AR. 95-116.)

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence, and failed to fully and fairly develop the record on this issue; (2) Whether the ALJ properly evaluated plaintiff's testimony, and failed to fully and fairly develop the record on this issue; (3) Whether the ALJ properly evaluated the lay evidence; and (4) Whether the ALJ properly assessed plaintiff's residual functional capacity (RFC) and erred by basing her step five finding on her erroneous RFC assessment. *See* Dkt. 13, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ properly evaluated the medical evidence, and failed to fully and fairly develop the record on this issue.**

Plaintiff contends that the ALJ erred when failing to credit fully the opinions from the examining psychological doctor, Dr. Leah Morton Psy.D., and failed to develop the record fully and fairly regarding Dr. Gary Lanza M.D.'s May 2014 opinion, plaintiff's decompensation, or her involuntary psychiatric treatment. *See* Dkt. 13, pp. 2-5. Defendant contends that the ALJ properly relied on inconsistency between Dr. Morton's opinions and her observations, as well as her reliance on plaintiff's self-report; and that the ALJ did not err in failing to develop the record more fully because plaintiff's "difficulties in May 2014 were limited in time were not representative of her functioning during the relevant period." Dkt. 14, pp. 4-7.

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). If a social security claimant is not represented by counsel, it is incumbent on "'the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts[, and] be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992)

(per curiam) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)) (all other citations omitted). This duty is "especially important" when a claimant suffers from a mental impairment and for purposes of determining onset of that impairment. *See Delorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930-34 (9th Cir. 2014) (an ALJ fails to fulfill the duty to develop the record by failing to acquire a complete set of IQ scores where IQ is relevant to step 3 and to reviewing doctors' opinions). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Plaintiff was not represented by counsel at her administrative hearing. AR. 56. Therefore, it was incumbent on "'the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts[, and] be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Higbee*, 975 F.2d at 561 (quoting *Cox*, 587 F.2d at 991) (all other citations omitted). As the ALJ did not diligently ensure that any potentially favorable facts from plaintiff's commitment was included in the record, the ALJ did not comply with this Ninth Circuit standard. Plaintiff testified that she was hospitalized from May to August, 2014, yet the ALJ did not attempt to get the records from this hospitalization into the Administrative Record. Furthermore, the record is ambiguous as at one point it suggests that plaintiff only needed to undergo involuntary inpatient mental health treatment for up to 14 days, AR. 324, but according to

plaintiff's testimony, she was hospitalized from May to August 2014, after she attempted suicide. AR. 67. The ALJ appears to have assumed that plaintiff only was in treatment for 14 days. *See* AR. 21. The record from plaintiff's extended inpatient mental health treatment is significant probative evidence that needs to be evaluated before a determination of plaintiff's disability can be made, especially as plaintiff testified that she "almost died" during this time (*see* AR. 67). *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))) (The Commissioner "may not reject 'significant probative evidence' without explanation"). The Court concludes that without the relevant treatment records from this inpatient mental health treatment, the record likely is inadequate to allow for proper evaluation of the evidence. *See Mayes*, 276 F.3d at 459-60; *Tonapetyan*, 242 F.3d at 1150 (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

    For the reason stated and based on the record as a whole, Court concludes that the ALJ erred by failing to develop the record regarding plaintiff's inpatient mental health treatment. The Court also concludes that this error is not harmless.

    The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an]

error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. S2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

It appears that plaintiff was in inpatient psychiatric treatment from May 3, 2014 until August 14, 2014. AR. 67. However, the ALJ did not appear to be aware of the extent of this hospitalization, noting only that the "evidence of record does not specify the full duration of her May 2014 hospitalization," AR. 18, and was apparently under the impression that this involuntary inpatient mental health treatment only lasted "up to 14 days." AR. 21 (citing AR. 321-49). Plaintiff testified that her inpatient treatment at Kitsap Mental Health lasted "almost a month because I almost died," and then she was hospitalized at another facility until August 14, 2014. AR. 67-68. Because the full records of these hospitalizations are not included in the Administrative Record, it is unclear the exact effect of crediting fully these records. However, plaintiff's involuntary inpatient mental health treatment clearly lasted more than the 14 days noted by the ALJ, and potentially entailed plaintiff's near demise. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the [records from plaintiff's

inpatient mental health treatment], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

Because the ALJ committed harmful error when evaluating the medical evidence, the record will need to be developed further and all of the medical evidence will need to be evaluated anew. For this reason, the Court will not discuss plaintiff's alleged error with respect to Dr. Morton. However, the Court briefly notes that when failing to credit fully Dr. Morton's opinions, the ALJ relied on a finding that Dr. Morton relied heavily on plaintiff's reporting of symptoms. AR. 23-24. However in support of this, the ALJ notes only that plaintiff's "inconsistent reporting of her substance abuse in her biography indicate that Dr. Morton gave undue credence to the claimant's subjective statements regarding her psychological state." AR. 24. Simply because plaintiff inconsistently reported her substance abuse does not indicate that the examining doctor unduly relied on plaintiff's subjective statements. The ALJ did not cite any evidence in the record demonstrating that Dr. Morton relied more heavily on plaintiff's subjective statements than Dr. Morton's own mental status examination. Therefore, this finding by the ALJ is not based on substantial evidence in the record as a whole.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and

opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

For the reasons stated and based on the record as a whole, the Court concludes that Dr. Morton's opinions should be evaluated further, along with the rest of the medical evidence, following remand of this matter.

**(2) Whether the ALJ properly evaluated plaintiff's testimony, and failed to fully and fairly develop the record on this issue and whether the ALJ properly evaluated the lay evidence.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter, as should plaintiff's residual functional capacity ("RFC").

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 21st day of June, 2017.

J. Richard Creatura
United States Magistrate Judge