1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARITA M. BATTLES,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

Defendant.

CASE NO. 3:16-cv-05662 JRC

ORDER ON PLAINTIFF'S
CONTESTED MOTION FOR
ATTORNEY'S FEES
PURSUANT TO THE EQUAL
ACCESS TO JUSTICE ACT

15

16

17

18

19

20

21

22

23

24

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested

motion for attorney's fees and expenses pursuant to 28 U.S.C. § 2412 (hereinafter

"EAJA") (*see* Dkt. 19, 20, 21).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the

Social Security Administration, defendant Commissioner challenged plaintiff's request

1  for statutory attorney's fees on the grounds that the requested fees are unreasonable "in

2  light of the results obtained." Response, Dkt. 20, p. 1.

3      After considering and reviewing the record, including plaintiff's motion for

4  attorney's fees and expenses, and the attached time and expense sheet (*see* Dkt. 19), as

5  well as the excellent results obtained by plaintiff's counsel, the Court finds that plaintiff's

6  fee request is reasonable (*see id.; see also* Reply, Dkt. 21). Just because the Court

7  exercises judicial economy and declines to discuss every argument raised by plaintiff as

8  to why the matter should be reversed does not mean that plaintiff obtained limited

9  success.

10

11      Therefore, plaintiff's motion for fees and expenses is granted pursuant to the

12  Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $7,773.98 in

13  attorney's fees, which includes the additional 1.9 hours incurred defending the motion,

14  and $2.87 for expenses.

15                    BACKGROUND and PROCEDURAL HISTORY

16      On June 21, 2017, this Court issued an Order reversing and remanding this matter

17  for further consideration by the Administration (*see* Dkt. 16). The Court found that the

18  ALJ erred when evaluating the medical evidence (*see id.*). This matter was reversed

19  pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the

20  harmful error in the evaluation of the medical evidence (*see id.*).

21

22      Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which

23  defendant objected (*see* Dkts. 19, 20). Defendant asserts that the amount of hours

24  expended are unreasonable (Dkt. 20, p. 1). Plaintiff filed a reply (*see* Dkt. 21).

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt.

1  16). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding

2  that the position of the United States was not substantially justified. 28 U.S.C. §

3  2412(d)(1)(B). Defendant implicitly conceded that the government's position was not

4  substantially justified, as defendant argues that plaintiff's recovery for attorney's fees should

5  be reduced, not eliminated (*see* Defendant's Response to Plaintiff's Motion for Attorney

6  Fees, Dkt. 20).

7       The Court agrees with defendant's implicit concession (*see id*.). This conclusion is

8  based on a review of the relevant record, including the government's administrative and

9  litigation positions regarding the evaluation of the medical evidence. For these reasons, and

10  based on a review of the relevant record, the Court concludes that the government's position

11  in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d

12  1255, 1258-59 (9th Cir. 2001) (citations omitted).

13       The undersigned also concludes that no special circumstances make an award of

14  attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to

15  determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S.

16  at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash.

17  2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

18  

19       Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount

20  of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S.

21  at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for

22  determining the amount of a reasonable fee is the number of hours reasonably expended on

23  the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433.

24  

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 4

1    However, the "product of reasonable hours times a reasonable rate does not end the

2    inquiry." *Id.* at 434. The Court concluded that the "important factor of the 'results obtained'"

3    may lead the district court to adjust the fee upward or downward. *Id.* The Court stated that

4    this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he

5    succeeded on only some of his claims for relief." *Id.* (noting that other relevant factors

6    identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (1974)

7    "usually are subsumed within the initial calculation of hours reasonably expended at a

8    reasonable hourly rate") (other citation omitted).

9         The factor of "results obtained" may not be relevant, particularly when there is only a

10   single claim in an appeal of a Social Security matter. *See Hensley, supra*, 461 U.S. at 435.

11        Here, plaintiff prevailed on the single claim of whether the denial of her social

12   security application was based on substantial evidence in the record as a whole and not based

13   on harmful legal error. When the case involves a "common core of facts or will be based on

14   related legal theories  .  .  .  .  the district court should focus on the significance of the overall

15   relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."

16   *See Hensley, supra,* 461 U.S. at 435.  The Supreme Court concluded that where a plaintiff

17   "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

18        Defendant has challenged whether plaintiff received excellent results.  Defendant

19   argues that plaintiff only obtained "limited success" because the Court did not address every

20   argument that plaintiff raised as to why the matter should be reversed and remanded. Dkt. 20,

21   p. 2. This argument is not persuasive. Simply because the Court chooses to exercise judicial

22   economy and not address additional reasons to remand a case that it already has concluded

23   must be remanded does not make it unreasonable for plaintiff to have presented those

1 arguments. Preservation of judicial resources is not a reason to reduce plaintiff's attorney's

2 fees.

3 Plaintiff received a reversal of the ALJ's decision and a remand. Dkt. 16, p. 10. In

4 addition, the Court concluded that most of the aspects of the case that plaintiff complained

5 about would have to be addressed anew following remand of this matter, including plaintiff's

6 credibility, the lay evidence and plaintiff's residual functional capacity ("RFC"). *Id*. at 9. The

7 Court rejects defendant's argument that plaintiff did not receive excellent results.

8 According to the Supreme Court, where a plaintiff "has obtained excellent results,

9 h[er] attorney should recover a fully compensatory fee." *See Hensley, supra,* 461 U.S. at 435.

10 Therefore, plaintiff's attorney should be paid for developing all arguments reasonably

11 supported by the record and the law that reasonably support her single claim that her

12 administrative determination from the Social Security Administration should be reversed. In

13 this matter, that's all of them.

14 Because the Court concludes based on a review of the relevant evidence that the

15 plaintiff here obtained excellent results, the Court will look to "the hours reasonably

16 expended on the litigation," which, when combined with the reasonable hourly rate,

17 encompasses the lodestar. *See Hensley, supra,* 461 U.S. at 435. Other relevant factors

18 identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial

19 calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra,*

20

21 _____

22 [1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty
of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the

23 preclusion of other employment by the attorney due to acceptance of the case; (5) the customary
fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the

24 circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526

F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist.

LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e Hensley lodestar

method of the hours reasonably expended multiplied by a reasonable hourly rate] to

determine the amount of an attorney's fees award does not directly consider the multi-factor

test developed in *Johnson, supra,* 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70");

*but see Goodwin v. Astrue,* 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash.

2012) (applying *Johnson* factors), adopted by 2012 U.S. Dist. LEXIS 97650 (W.D. Wash.

2012).

As defendant does not object to plaintiff's request for reimbursement for expenses

and does not object to plaintiff's requested hourly rate for his attorney's fees request, the

gravamen of defendant's contentions here concern "the number of hours reasonably

expended on the litigation" (*see* ECF No. 20). *See also Hensley, supra,* 461 U.S. at 433.

The Court has reviewed the facts of this case. *See Hensley, supra,* 461 U.S. at 429,

433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the amount

of the fee, of course, must be determined on the facts of each case"). Based on the facts of

this case, the parties' arguments, and plaintiff's declaration and time sheet, the Court

concludes that plaintiff's incurred hours and fee request are reasonable.

---

and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of
the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*,
488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist.
LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the
determination of a number of hours reasonably expended multiplied by a reasonable rate); *but
see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of
the fee).

<u>CONCLUSION</u>

Plaintiff's motion for $2.87 in expenses is granted.

Plaintiff is awarded $7,773.98 in attorney's fees, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by check payable to Eitan Kassel Yanich, Esq., based on plaintiff's assignment of these amounts to plaintiff's attorney. Dkt. 18. The checks for EAJA fees and expenses shall be mailed to plaintiff's counsel at Eitan Kassel Yanich, Esq., Law Offices of Eitan Kassel Yanich PLLC, 203 Fourth Avenue E, Suite, 321, Olympia, WA 98501.

Dated this 21st day of December, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 8